UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES WILLIAM McCRAVEN, )
)
        Plaintiff, )
)
   v. ) No. 4:06CV1074(RWS)
)
WALGREEN DRUG AND PHARMACY )
ST. JOHN, MO., et al., )
)
        Defendants. )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of James William McCraven for leave to commence this action without payment of the required filing fee [Doc. #1].[1] See 28 U.S.C. § 1915(a). Also before the Court is applicant's motion to appoint counsel [Doc. #4]. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the

---

[1]Also named as a plaintiff in this action is Jermaine Allen McCraven, identified as James William McCraven's son. However, the Court has not received the full filing fee from Jermaine Allen McCraven nor has the Court received a motion to proceed in forma pauperis from him. Therefore, Jermaine Allen McCraven will be stricken from the complaint.

action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages against two Walgreen Drug and Pharmacy (Walgreen) stores. Briefly, plaintiff alleges that in March 2006, he had a tire deliberately punctured by an unknown person while he was at the Walgreen store. In a second incident, plaintiff alleges that employees of a Walgreen store called him

2

"gay, fag, sissy" and other similar types of disparaging names.

## Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). While the Court does not condone the alleged behavior of the Walgreen's employees, such actions do not violate any of plaintiff's federally protected rights. Therefore, plaintiff's complaint does not state a claim upon relief may be granted.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff Jermaine Allen McCraven is **STRICKEN** from the complaint because he did not pay the full filing fee or submit a motion to proceed in forma pauperis in this case.

An appropriate order shall accompany this order and

memorandum.

Dated this <u>24 th</u> day of <u>  October , 2006.</u>

<u>                                         </u>
**RODNEY W. SIPPEL**
**UNITED STATES DISTRICT JUDGE**